**ENLITE PRODUCTS CO. et al.,**
**Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**C.D. 3682; Protests 63/18668–93822, etc.**

United States Customs Court,
Second Division.

Jan. 28, 1969.

Allerton deC. Tompkins, New York City, for plaintiffs.

Carl Eardley, Acting Asst. Atty. Gen., (Charles P. Deem and Bernard J. Babb, New York City, trial attorneys), for defendant.

Before RAO, Chief Judge, and FORD, Judge.

RAO, Chief Judge:

The merchandise covered by the protests herein, consolidated at the trial, described on the invoices as "Enlite" cycle lanterns, chrome plated, was imported from Hong Kong and entered at the port of Philadelphia. The merchandise was assessed with duty at 30 per centum ad valorem under paragraph 371 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas.Dec. 305, T.D. 51802, as parts of bicycles.

Plaintiffs claim that the merchandise is properly classifiable at 12½ per centum ad valorem under paragraph 353 of said tariff act, as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, and Presidential Proclamation No. 3479, 97 Treas.Dec. 430, T.D. 55649, as articles having as an essential feature an electrical element or device, or alternatively at 19 per centum ad valorem under paragraph 397 of said tariff act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas.Dec. 150, T.D. 54108, as articles in chief value of base metal, not specially provided for.

The pertinent provisions of said tariff act, as modified, are as follows:

Paragraph 371 of the Tariff Act of 1930, as modified by T.D. 51802:

Parts of bicycles, not including tires:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Other .....................................30% ad val.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 55615:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, all the foregoing and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Other (\* \* \*) .............................12½% ad val.

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Not wholly or in chief value of tin or tin plate:

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum (\* \* \*) .....................19% ad val.

---

It has been stipulated that the imported articles are in chief value of metal.

At the trial, plaintiff called Al Saidman, vice president of Enlite Products Co., the plaintiff herein. He testified that his duties include sales, importations, general office transactions, and visiting customers. He has performed such functions for 10 years. He said that the business of Enlite Products Co. is the importation of bicycle accessories and parts, and that he was familiar with the merchandise involved herein. He produced a sample representative of the merchandise in its condition as imported and stated that it consisted of a No. 1000 lantern packed in an individual box which contained an instruction sheet and a set of brackets which can be used for optional mounting of the lantern on a bicycle or other moving vehicle.

The lantern consists of a head lamp 3½ inches in diameter attached to an oblong case 3½ by 2¾ inches which contains a place for two batteries and an additional bulb. On the back of the oblong case is a metal bracket by which the lantern can be attached to another article. The lantern has an on and off switch to operate the lamp and also has a handle.

Mr. Saidman testified that the article is a lantern which can be used for various purposes. He said the carrying handle

enables it to be used as a camping lantern or a hand lantern by boy scouts. It can also be attached to the handlebar of a bicycle or similar item. For that purpose, there is included with each lantern an optional bracket with mounting instructions. The lantern operates by two standard size D flashlight batteries. It throws a narrow beam for quite a distance ahead. The light cannot be adjusted to make it less concentrated on one spot. The witness operated the lantern at the trial and it threw a beam on a wall approximately 10 feet away measuring somewhat more than 8 inches in diameter.

Mr. Saidman testified that he sold these lanterns to jobbers in the camping equipment field and to those who sell to boy scouts. He had sold them to firms like Modell's who put them into their camping department. He had no knowledge of the uses to which their customers put the lanterns. He had donated quite a few lanterns to boy scouts who wanted them for camping trips. He kept one himself hanging on a hook in a closet to use when he wanted to look for something. He had seen such lanterns on bicycles, on scooters, and on a motorboat. He had gone once on a week's camping trip with his son and had seen boy scouts using these lanterns while camping. They were used for normal lantern purposes, to light up pup tents, or to walk through the woods. He said that these lanterns were suitable for use in camping because they can be easily carried or slipped through a belt, leaving the hands free.

A bicycle light, on the other hand, is not designed to be carried. It usually has some screw holes on the bottom by which it can be mounted to a fender. The instant lantern has an optional bracket on the back to permit its attachment to the handlebar of a bicycle by means of a clamp. In the same manner it may be attached to any round bar 1 inch in diameter. It is designed to be taken off and put on a bicycle easily. The instruction sheet suggests that when the bicycle is left alone, the lantern should be removed because someone walking past could easily take it off and walk away with it.

The witness also testified that the article has a square base and can be set on the floor. However, the lantern tilts forward so that the beam of light is not directed straight ahead. The witness said it was not specifically designed to rest on a base, but was designed to be carried, to be put on a bicycle, or for other uses.

The issue is whether these lanterns are dedicated to use with bicycles and are properly classifiable as parts of bicycles.

We have recently held that lights are presently considered necessary to the safe, proper, and efficient operation of bicycles and that where the particular lights are dedicated to use with bicycles, they are dutiable under paragraph 371, as modified, as parts of bicycles, whether or not regarded by the trade as accessories. Victoria Distributors, Inc. v. United States, 61 Cust.Ct. , C.D. 3634 (protest 63/18656), and Victoria Distributors, Inc. v. United States, 61 Cust.Ct. , C.D. 3635 (protest 63/13826).

In the instant case, since the collector classified these articles as parts of bicycles, it is presumed that he found that they were dedicated to such use. Dorward & Sons Co., Pacific Vegetable Oil Corp. v. United States, 40 CCPA 159, C.A.D. 512; F. H. Kaysing v. United States, 49 CCPA 69, C.A.D. 798; F. T. Griswold Mfg. Co. v. United States, 36 Cust.Ct. 27, C.D. 1749. Plaintiffs claim, however, that said merchandise is in fact a lantern designed to be held in the hand and used by a person as is any popular lantern; that it is so used, and that it has substantial non-bicycle uses.

There is nothing about the lantern *per se* that indicates it is dedicated to use on bicycles. Its shape and construction suggest the contrary. The presence of the handle makes it convenient for carrying, to be hung on a hook to light

**322**

up a particular area, and for storage. The bracket on the back allows it to be attached to an article or wall having some sort of prong into which it would fit. It could not be attached to a bicycle without the clamp with which, the record indicates, it was imported. Furthermore, the instruction sheet, according to the witness, recommended that the article be removed from the bicycle when not in use, as it could easily be carried away. This militates against its use with a bicycle since it would be a nuisance to have to take it off whenever the bicycle was left unattended.

The witness also testified that he had sold these lanterns extensively to jobbers who sell camping equipment and that he had seen them used during a camping trip, had given them to boy scouts for such use, and had seen them on scooters and motorboats.

In the instant case, the exhibit is a potent witness. United States v. Halle Bros. Co., 20 CCPA 281, T.D. 46077. It shows that the imported merchandise is a portable light, suitable for purposes other than use on bicycles, and is not in fact very practicable as a bicycle light. Uses on camping trips, in pup tents, and while walking in the woods, shown by the record, are reasonable uses and are consonant with the character of the article.

■■ We conclude that the presumption that these lanterns are dedicated to use as parts of bicycles has been overcome. Consequently, they are not classifiable as parts of bicycles under paragraph 371, as modified. They are battery-operated lanterns and are properly dutiable at 12½ per centum ad valorem under paragraph 353, as modified, as articles having as an essential feature an electrical element or device. Ace Importing Co., Inc., et al. v. United States, 56 Cust.Ct. 355, C.D. 2651.

In view of this conclusion, it is unnecessary to consider the alternate claim under paragraph 397, as modified, supra, since that paragraph is less specific than paragraph 353, as modified, supra.

To that extent the protests are sustained. As to all other claims, they are overruled. Judgment will be entered accordingly.

FORD, J., concurs.